

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROBERT NAKAYA,

               Petitioner,

    vs.

KATHLEEN ALLISON, Warden,

             Respondent.

Case No. SACV 11-1408-CAS (RNB)

ORDER ACCEPTING FINDINGS
AND RECOMMENDATIONS
OF UNITED STATES
MAGISTRATE JUDGE

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative Fifth Amended Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings of the Magistrate Judge, subject to the following caveat. One of petitioner's objections is directed to the following statement in the Report and Recommendation: "It appears from the record before the Court that there were no communications at all with Mr. Giusti between September 4, 2007 and January 25, 2010." Although petitioner did not reference any communications during that period in his opposition to the Motion to Dismiss, petitioner has pointed out that one of the attachments to his California Supreme Court

1  habeas petition appears to be a copy of a prison mail log evidencing that petitioner did
2  send outgoing mail to Mr. Giusti on nine occasions between October 26, 2007 and
3  March 9, 2009.

4  However, even with this correction, the Court concurs with the Magistrate
5  Judge's findings that petitioner has not met his burden of showing that he was
6  pursuing his rights diligently throughout the relevant time period; that this case is
7  distinguishable from those cases where the Ninth Circuit has found that the petitioner
8  made a sufficient showing of egregious conduct by his counsel to excuse his failure
9  to file his federal habeas petition within the one-year limitation period; and that Mr.
10 Giusti's egregious conduct did not prevent the timely filing of petitioner's federal
11 habeas petition.  The Court also concurs with the Magistrate Judge's findings that,
12 even if petitioner were afforded the benefit of equitable tolling from the date he
13 retained Mr. Giusti to the date he terminated Mr. Giusti (i.e., from July 19, 2006 to
14 June 3, 2010), the filing of the original Petition herein on September 13, 2011 would
15 still be untimely; and that, although there has been no showing by petitioner that he
16 needed the trial transcripts to make any of the additional claims that he raised in his
17 California Supreme Court habeas petition, it would not make any difference if
18 petitioner also were afforded the benefit of equitable tolling up until the date his
19 mother obtained the duplicate copy of the trial transcripts from the court reporter (i.e.,
20 until September 8, 2010). The Court also concurs with the Magistrate Judge that there
21 is no need for an evidentiary hearing on petitioner's equitable tolling claim because,
22 for purposes of his analysis of the equitable tolling issue, the Magistrate Judge
23 assumed that all of the **factual** allegations contained in petitioner's opposition to the
24 Motion to Dismiss, which petitioner had characterized as "the facts most relevant to
25 his entitlement to equitable tolling," were true.  As noted by the Magistrate Judge, the
26 fact of the matter is that the periods of time for which petitioner is unable to even
27 make any equitable tolling argument relating to the conduct of Mr. Giusti (i.e., the
28

2

approximately 7-month period preceding the retention of Mr. Giusti; the approximately 5-month period between the date petitioner's mother obtained the duplicate copy of the trial transcripts and the date petitioner filed his California Supreme Court habeas petition; and the approximately one-month period between the denial of the California Supreme Court habeas petition and the filing of the original Petition herein) themselves exceed 365 days. Finally, the Court concurs with the Magistrate Judge's finding that petitioner has not even purported to make a sufficient showing for application of the "actual innocence" exception to the AEDPA statute of limitations. For the foregoing reasons, the Court accepts the recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that (1) respondent's Motion to Dismiss is granted, and (2) Judgment be entered dismissing this action with prejudice.

DATED: November 12, 2013

_Christina A. Snyder_

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE